IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES S. GRILL,

        Plaintiff,                          No. CIV S-10-0757 GEB GGH PS

   vs.

TOM QUINN,

        Defendant.                 <u>ORDER</u>

_____/

       Presently before this court is plaintiff's motion to amend his complaint, filed March 22, 2011, which is opposed by defendant.[1]  This court's findings and recommendations, issued December 29, 2010, and adopted by the district court on March 1, 2011, recommended dismissal of plaintiff's Fifth Amendment Takings claim and his equitable estoppel claim.  The motion to dismiss the breach of contract claim was denied.  Plaintiff was invited to file a motion to amend his complaint to additionally allege a claim for lack of procedural due process.  The parties's papers in connection with that motion and proposed amended complaint have now been reviewed.

////

---

[1] The motion was taken under submission without a hearing on April 14, 2011.

1

DISCUSSION

The proposed amended complaint contains two distinct causes of action for (1) breach of contract and (2) lack of procedural due process. Defendant opposes the motion, arguing that the proposed amended complaint contains language appearing to reallege the previously rejected claims, and the new procedural due process claim appears to reallege the already pled APA claim and previously dismissed Fifth Amendment Taking claim.

I. Claim for Breach of Contract

In the findings and recommendations, the undersigned construed the breach of contract claim as a claim arising from application of 16 U.S.C. § 3210(a), the Alaska National Interest Land Conservation Act (ANILCA), and that the settlement agreement alleged to have been violated by defendant was very much dependent on that statute. The court framed the actual issue as whether the Forest Service violated the APA (5 U.S.C. section 702) in connection with its application of § 3210(a).

Defendant now asserts in opposition that the proposed amended complaint does not add any new facts or basis to support a claim under the APA but rather realleges the claim for breach of contract. The findings and recommendations, as adopted by the district court, did not require that plaintiff amend his complaint as to this claim. In fact, the motion to dismiss was specifically denied in regard to Claim 1, the breach of contract claim. Although plaintiff has not improved upon his pleading with respect to this claim, and it contains erroneous references to the Fifth Amendment and other takings clause verbiage, as this court previously noted, it would not construe claims other than the three claims that were clearly labeled, and would construe the excess language as "simply expressive of plaintiff's frustration," and "not fleshed out in any cognizable fashion." Findings and Recommendations (Dkt. # 19 at 5.)

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). The court is mindful to "liberally construe the inartful pleading of pro se litigants,"

Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir.1992) (quotations omitted), and "to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements," Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

As the complaint was previously found to be sufficient in regard to the breach of contract claim as construed by the court, further amendment will not be required.  Clarification is in order, however.  As fully set forth in the findings and recommendations, the breach of contract claim is construed as a claim under section 702 of the APA.  The amended complaint is construed to contain no claim arising in tort or under the Fifth Amendment, as also previously explained in the earlier findings and recommendations.

II. Lack of Procedural Due Process

Plaintiff has added a second claim for lack of procedural due process based on the instructions in the findings and recommendations.[2]  Defendant objects to this claim as nothing more than a restatement of plaintiff's APA complaint.  Defendant also raises the same objections made in regard to Claim 1, that plaintiff has made an attempt to insert a Fifth Amendment Takings Claim by using terms of art for such a claim.  A review of the proposed amended complaint at Claim 2 does reveal occasional reference to the Fifth Amendment and "regulatory taking;" however, aside from this excess language pertaining to a claim which the court already found to be bereft of jurisdiction, and construing the pleading liberally as required, plaintiff has stated a claim for lack of procedural due process.  In addition to the allegation that defendant

---

[2] The court found no jurisdiction for a Takings Claim, but noted that plaintiff may be attempting to state a claim for lack of procedural due process.  Plaintiff was invited to amend his complaint to add such a claim if he so desired.  The court specifically stated that it was not opining whether such a claim would be duplicative of claim I or would otherwise have merit.  Findings and Recommendations (Dkt. # 19 at 12.)

arbitrarily terminated the use permit without procedural due process, plaintiff alleges that defendant "informed plaintiff that there was no appeal from their aforementioned administrative decisions. (Proposed A.C. at ¶ 62.)

CONCLUSION

        Accordingly, IT IS HEREBY ORDERED that:

        1. Plaintiff's motion to amend his complaint, filed March 22, 2011, is granted.

        2. The amended complaint, filed March 22, 2011, is deemed filed as of the date of this order.

        3. Defendant shall file a response to the amended complaint within 28 days of this order.

DATED: July 18, 2011

                                               /s/   Gregory G. Hollows
                                               GREGORY G. HOLLOWS
                                               UNITED STATES MAGISTRATE JUDGE

GGH:076/Grill757.ac