IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES S. GRILL,

        Plaintiff,                No. CIV S-10-0757 GEB GGH PS

    vs.

TOM QUINN,

        Defendant.      <u>ORDER</u>

_____/

        Previously pending on this court's law and motion calendar for January 12, 2012, was plaintiff's motion for discovery, filed December 8, 2011.  The parties filed a joint statement on January 6, 2012.  Plaintiff appeared in pro se.  Alison Garner appeared telephonically for defendant.  Having now heard oral argument and reviewed the joint statement, the court issues the following order.

<u>BACKGROUND</u>

        The operative complaint is the amended complaint which contains two distinct causes of action for (1) breach of contract (actually breach of federal statutory duties within the

\\\\\

\\\\\

\\\\\

context of a "settlement contract") and (2) lack of procedural due process.[1]  The undersigned will not repeat the entire discussion as to how these claims were ascertained, see docket #s 19, 20; suffice it to say here that the first claim is to be decided under the standards of the Administrative Procedures Act, and the second claim stands on its own as a constitutional claim independent of the strictures of the APA.

Plaintiff has moved to compel discovery, but defendant responds that because this is an action for review of an administrative record under the Administrative Procedure Act ("APA"), the government is exempt from Rule 26.  Plaintiff argues that his claim for lack of procedural due process is a claim arising under the Constitution and therefore it is not subject to the APA.

DISCUSSION

I. THE PARTIES' CONTENTIONS

It is difficult to determine exactly what discovery plaintiff is moving to compel as the joint statement contains briefing akin to a summary judgment motion.  Plaintiff has set forth a statement of facts, disputed factual issues, and disputed evidentiary issues, and defendant has responded to this format of briefing.  Although plaintiff's motion to compel discovery, filed December 8, 2011, requests discovery in general, claiming that the administrative record ("AR") is incomplete and defendants have acted in bad faith which is an exception to limited AR review, the joint statement filed on January 6, 2012, indicates that plaintiff not only seeks discovery of documents allegedly missing from the AR, but also disputes that certain documents should be contained in the AR because they are not relevant, and further seeks to supplement the AR with plaintiff's exhibits.

---

[1]In a nutshell, through "settlement contract" based on a federal statute, plaintiff was given the right to access his private parcel and build a bridge to do so; the access was to be constructed over lands within Forest Service jurisdiction.  The terms and conditions under which the contract was to be effectuated are in dispute, as is the termination process (or non-approval process) involving the special use permit required to construct the necessary access.

2

Defendant first contends that both of plaintiff's claims are governed by the APA. The first claim, that the Forest Service violated the APA in its decision process regarding plaintiff's permit, clearly comes under the APA.  Defendant further argues that the second claim, for lack of procedural due process, arises under the APA because 5 U.S.C. § 706(2)(b) provides that "the reviewing court shall ... hold unlawful and set aside agency action... contrary to constitutional right, power, privilege or immunity."  5 U.S.C. §706(2)(B).  Because the United States cannot be sued unless it waives sovereign immunity, defendant contends that plaintiff cannot proceed with his procedural due process claim unless there is this waiver which necessarily comes from the APA.

Defendant next argues that plaintiff has failed to demonstrate exceptional circumstances to justify extra-record review.  In this regard, defendant argues that the court is required to presume that the Forest Service properly designated the record and included all documents directly or indirectly related to its decision.  Defendant asserts that plaintiff has failed to present evidence to overcome the presumption that the record has been properly designated. Defendant also contends that even if further explanation by the agency is later deemed necessary, remand to the agency is the preferred course.

Plaintiff's second basis for requesting extra-record evidence is bad faith. Defendant asserts that this exception is especially narrow and mere allegations of bad faith are not sufficient to warrant extra-record review.

Plaintiff makes no argument regarding these exceptions to administrative record review in the joint statement; however, in his motion, plaintiff asserts that when defendants rescinded the construction permit, and then later terminated the use permit contract, they were motivated by considerations which are unknown and which may constitute affirmative misconduct at worst.  Any such discovery may be contrary to their written statements.  Therefore, plaintiff contends, the administrative record is incomplete in this regard.  (Pl.'s Mot. at 6.)

\\\\\

II. <u>LEGAL STANDARDS</u>

Cases brought under the APA ordinarily do not consider extra record evidence, and limit such evidence to four narrow exceptions: (1) if it is necessary to determine "whether the agency has considered all relevant factors and has explained its decision," (2) "when the agency has relied on documents not in the record," (3) "when supplementing the record is necessary to explain technical terms or complex subject matter"; or (4) where there is an allegation of bad faith. <u>Ctr. for Biological Diversity v. U.S. Forest Serv.</u>, 100 F.3d 1443, 1450 (9th Cir. 1996) (citations omitted). Plaintiff, as the party seeking extra-record evidence, has the burden to prove that one of these exceptions applies. <u>National Audubon Soc. v. Butler</u>, 160 F.Supp.2d 1180, 1186 (W.D. Wash. 2001).

The amended complaint contains a claim for violation of procedural due process in addition to the APA claim. A direct constitutional challenge is reviewed independent of the APA. <u>Porter v. Califano</u>, 592 F.2d 770, 781 (5th Cir. 1979). As such the court is entitled to look beyond the administrative record in regard to this claim. 5 U.S.C. §706(2)(B); <u>Porter</u>, 592 F.2d at 780, <u>Rydeen v. Quigg</u>, 748 F. Supp. 900, 906 (D.D.C. 1990); <u>see</u> <u>McNary v. Haitian Refugee Center, Inc.</u>, 498 U.S. 479, 493, 111 S.Ct. 888, 896-97 (1991) (discussing s similar issue under the IRCA. Therefore, discovery as to the non-APA claim is permissible. <u>See</u> <u>Miccosukee Tribe of Indians of Florida v. United States</u>, 2010 WL 337653, *2 (S.D. Fla. 2010). <u>See also</u> <u>Webster v. Doe</u>, 486 U.S. 592, 604, 108 S.Ct. 2047 (1988) (referencing the fact that a plaintiff who is entitled to judicial review of its constitutional claims under the APA is entitled to discovery regarding those claims). "However, even where plaintiffs have asserted constitutional claims, 'wide-ranging discovery is not blindly authorized at a stage in which an administrative record is being reviewed.'" <u>Tafas v. Dudas</u>, 530 F.Supp.2d 786, 802 (E.D. Va. 2008), (*quoting* <u>Puerto Rico Public Housing Admin. v. United States Dep't of Housing and Urban Development</u>, 59 F.Supp.2d 310, 327 (D.P.R.1999)). <u>See also</u> <u>Wolfe v. Barnhart</u>, 354 F. Supp.2d 1226, 1232 (N.D. Okla. 2004) (finding First Amendment claim was independent of APA and requires

4

1    independent review of facts and law or *de novo* review).

2    III.   <u>ANALYSIS</u>

3             Plaintiff does not specify what type of discovery he wants, but argues that he

4    should be permitted discovery in the first instance.  The court can only glean from "Plaintiff's

5    Disputed Evidentiary Issues" what he thinks should be amended, supplemented, or added to the

6    AR.  Those items pertinent to discovery and listed by plaintiff with his commentary, are set forth

7    as follows.[2]

8    1) Defendant's letter, dated September 10, 1996, acknowledging approval and acceptance of
     plaintiff's Access Improvement Plans, is not in the AR.  (Pl.'s Mot., Ex. A.)

9
     2) Plaintiff's Access Improvement Plans and Bridge Plans, accepted and approved by defendant
10   on July 31, 2007, is not in the AR.  (Pl.'s Mot., Ex. B.)

11   3) Defendant's email approving Bridge Plan and affirming that defendant would amend existing
     SUP for road access to allow immediate construction pending Stream Alteration Permit by Cal.
12   Fish and Game, is not in the AR.  (Pl.'s Mot., Ex. C.)

13   4) Defendant's email, dated September 28, 2007, is not in the AR.  (Pl.'s Mot., Ex. A.)

14   5) AR000865 does not indicate the date it was received by defendant.  It is dated May 15, 2007,
     but defendant saw it for the first time in mid-September, 2007.  Notations on it indicate it was
15   reviewed but no reviewer is identified.  The AR also contains no information about
     communications between defendant and plaintiff regarding this issue.
16
     6) AR000875 through AR000893 are irrelevant and should not be in the AR.
17
     7) AR000895 through AR000921 do not contain any of defendant's internal communications
18   regarding defendant's motivation, decision making, outside influences, and authorities which
     controlled the critical actions.
19
     8) AR000895 through AR000960 also do not contain any of defendant's internal
20   communications regarding defendant's motivation, decision making, outside influences, and
     authorities which controlled the critical actions.
21
     (Jt. Stmt. at 13-15).
22

23            In response, defendant states it will supplement the record with documents

24   specified in items numbered 1, 2, 3, and 4, and will correct the record in regard to numbered 6.

25   _____

26        [2]  Items not set forth herein do not pertain to discovery.

                                                    5

1   Other than these items, defendant states it is unaware of any other documents outside the AR.

2           Plaintiff also makes an argument regarding requested discovery which he claims

3   is not in the AR.  Plaintiff contends that on July 31, 2007, defendant stated to plaintiff that the

4   Forest Service had approved plaintiff's submitted bridge design, and would amend his SUP for

5   road access to permit immediate construction pending submission of a Stream Alternation Permit

6   to be issued by California's Department of Fish and Game.  Then, suddenly and inexplicably on

7   September 12, 2007, defendant declared that plaintiff's design was deficient, which caused the

8   state's Fish and Game Department to suspend plaintiff's permit, issued on September 21, 2007.

9   (Pl.' Mot. at 5.)

10          Attached to plaintiff's  motion is a communication from the District Ranger, Julie

11  Lydick, dated September 10, 1996, stating that defendant's engineering staff had reviewed

12  plaintiff's plans and "they appear to be acceptable for the purposes of issuing the permit for the

13  road."   She then added that she expected to issue the special use permit and plaintiff's "other

14  application at the east end of Maybert Road, concurrently," with agreed to changes.  (Pl.'s Mot.,

15  Grill Decl., Ex. A.)  In an email dated July 31, 2007, just prior to defendant's decision not to

16  renew the SUP, Greg Schimke, Minerals Officer for defendant, wrote to plaintiff, informing him

17  that "[t]he Forest Service has approved your submitted bridge design and will amend your

18  existing special use permit for the road access, to allow immediate construction pending

19  submittal of a Stream Alteration Permit (1600) to be issued by the California Department of Fish

20  and Game."  (Id., Ex. C.)  Next to the end of this sentence is a hand written note stating, "issued

21  on 8/7/07 & copied to Greg that day."  (Id.)  In the next paragraph of the email, Schimke

22  concludes: "[w]e have rec[ei]ved your payment of $1,316.00 for costs incurred in processing

23  your proposal, and a copy of the Building permit issued by Nevada County."  (Id.)

24          Another email from Mr. Schimke to plaintiff, dated September 28, 2007, is

25  attached to the joint statement.  It contains an update on the bridge proposal which outlines a

26  concern of the Forest Service regarding mercury and a concern of the wildlife biologist about the

6

1   aquatic habitat.  Schimke concludes the email by stating, "[t]he Forest Service is also preparing a

2   formal letter to you that will explain in detail the above issues.  Do not proceed with any plans or

3   any surface disturbing activities at the site pending further notification."  (Jt. Stmt., Ex. A.)

4            At hearing, plaintiff articulated that after July 31, 2007, records do not explain the

5   reason for this 180 degree turnabout in defendant's position, and therefore plaintiff needs

6   discovery on defendant's motivation for the change in position.  In one sense, defendant's state

7   of mind is of no ultimate consequence in a breach of contract claim.  Whether defendant had a

8   sinister motivation or was merely frustrated with plaintiff's delay in formulating plans, or was

9   bound by changes in the regulations will not make any difference.  The issue in a breach of

10   contract claim is merely whether each side performed in accordance with the agreement which in

11   this case revolves around the statutory and regulatory requirements.  A promisor's satisfactory

12   completion of work is preferably judged under a reasonableness standard based on the evidence

13   of record.  See Storek & Storek, Inc. v. Citicorp Real Estate, Inc, 100 Cal. App. 4th 44, 58-60,

14   122 Cal. Rptr. 2nd 267 (2002).

15            However, in another sense, evidence of true, but hidden, motivations may supply

16   the real basis why the Forest Service ultimately found that plaintiff has failed to uphold his end

17   of the agreement, if indeed, this was the real finding, as opposed to some other unstated, but

18   important, reason.  The record, as we know it, with respect to the purported approval followed by

19   a quick retraction does supply a reasonable inference to support some behind-the-scenes decision

20   making, i.e., that not all the reasons for the decision are in the record.  This itself is grounds for

21   discovery in an APA action.  Center for Biological Diversity, supra.  The fact that counsel for the

22   Forest Service makes protestations that the record will be complete with the additions agreed to

23   does not dispose of the matter.  Given one legitimate inference to be drawn indicating that other

24   pertinent-to-the-decision documents might exist, is reason to allow discovery on this point.

25            Moreover, the Forest Service argues here that Schimke had no authority to

26   approve plaintiff's plans.  But this position raises as many questions as it answers.  Why did

1  Schmike issue an approval if he had no authority to do so.  What definitive evidence is there *in*

2  *the record* that Schmike did not have this authority.  Why was Schmike apparently tasked with

3  working with plaintiff to see that plaintiff complied with his conditions?  Why was Schimke, the

4  person who allegedly lacked authority in this area, tasked with telling plaintiff that any approval

5  had been withdrawn?

6         The above questions again give rise to a possible inference that decisions were

7  made on a basis outside the question of whether plaintiff's plans complied with all necessary

8  conditions for their approval.  Paper discovery[3] will be permitted to ascertain whether any

9  documents exist outside the record which would cast light on all the reasons for the ultimate

10  denial of plaintiff's permit to construct access.  This paper authority will include any documents

11  which are relevant to Schimke's authority to act in this matter.

12         In regard to the second claim, lack of procedural due process, the only two

13  possible issues for which discovery might be necessary are whether plaintiff was told he could

14  not appeal the decision, and whether the decision maker was biased.

15         With respect to the first issue, <u>see</u> 36 C.F.R. § 251.80 *et seq*., defining rights of

16  appeal, the undersigned does not see the need for discovery.  Defendant has admitted in the

17  answer that plaintiff was informed he had no right to appeal, Answer at para. 62, and thus, that

18  fact is established in this proceeding for whatever legal significance it has.

19         With respect to the second issue of bias, this assertion overlaps with the discovery

20  already permitted concerning extra-record evidence.  Bias, if any, is likely to be found in

21  documents not part of the record, if any, which demonstrate the "real" reason for the decision at

22  issue.  Bias, of course, can be much more than simply a dislike of plaintiff; bias can be found in

23

24         [3] Plaintiff has not suggested that he would like to take depositions of appropriate
    personnel to answer these questions.  Moreover, depositions conducted by a pro se party, who are
25  often inclined to argue their position with persons who are viewed as protagonists, instead of
    simply acquiring evidence, are fraught with potential disputes, and probably will not lead to
26  anything useful.

many forms, for example, outside pressure to deny a permit which might otherwise be granted. No one would argue with the proposition that the *sine qua non* of due process is an unbiased decision maker.

The undersigned must emphasize at this point that finding a possible inference in plaintiff's favor for purposes of permitting discovery by no means indicates that the undersigned has drawn any inferences for the purpose of litigation disposition. There exist at this time possible inferences which completely legitimize the Forest Service decision vis-a-vis plaintiff's access denial.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel discovery, filed December 8, 2011, (dkt. no. 42), is granted in part and denied in part. Defendant shall supplement the Administrative Record with documents specified in items numbered 1, 2, 3, and 4, and correct the record in regard to item numbered 6, within seven days of this order. Plaintiff shall issue written discovery limited to the subject areas set forth above (ascertaining the existence of heretofore undisclosed documents related in any fashion to the Forest Service Decision not to permit plaintiff to construct access to his property and Shimke's authority), within fourteen days of this order. Defendant shall have twenty-eight days to respond.

2. Plaintiff shall file his motion for summary judgment by April 20, 2012. Defendant's cross-motion for summary judgment shall be filed by May 18, 2012. Plaintiff may file a reply by June 1, 2012.

DATED: January 19, 2012

　　　　　　　　　　　　　/s/ Gregory G. Hollows
　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

GGH:076/Grill757.dsy

9