UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES S. GRILL, | No. 2:10-cv-0757 GEB GGH PS |
| Plaintiff, | |
| v. | ORDER |
| TOM QUINN, | |
| Defendant. | |

On June 18, 2013, the undersigned filed findings and recommendations resolving the parties' cross-motions for summary judgment. Plaintiff has filed a motion for reconsideration before the undersigned.[1]

Parties seeking reconsideration should demonstrate "new or different facts or circumstances [which] are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230 (j); see United States v. Alexander, 106 F.3d 874, 876 (9th Cir.1997) (reconsideration appropriate for a change in the controlling law, facts, evidence, or other circumstances; a need to correct a clear error; or a need to prevent manifest injustice); see also School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d

---

[1] Plaintiff's filing incorporated both the instant motion and objections to the findings and recommendations, which will be separately addressed by the district judge.

1

1255, 1263 (9th Cir. 1993).

Although motions to reconsider are directed to the sound discretion of the court, Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process.  Thus Local Rule 230(j) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [] claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice."  Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985).

"After thoughts" or "shifting of ground" are not appropriate bases for reconsideration.  Fay Corp. v. BAT Holdings I, Inc., 651 F.Supp. 307, 309 (W.D. Wash.1987), aff'd,  896 F.2d 1227 (9th Cir.1990).  The standards "reflect[ ] district courts' concern for preserving dwindling resources and promoting judicial efficiency."  Costello v. United States Government, 765 F.Supp. 1003, 1009 (C.D. Cal.1991). "While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'"  Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (*quoting* 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed.2000)).

Here, plaintiff presents for the first time his claim that he still owns a portion of property that was not foreclosed at the subject site.  He asserts that he subdivided the property at issue into two parcels in 2007, and that only one of those parcels was subjected to foreclosure proceedings in November, 2012.  Plaintiff asserts that this information was "not evident" to him when he was preparing his opposition to defendant's summary judgment motion on the issue of whether he lost standing when he lost the property.  He therefore now contends that he did not lose standing as to the second parcel, and that the findings and recommendations should be considered in light of this information.  Plaintiff's present contentions would work a sea change in the analysis set forth in the Findings and Recommendations, as the contentions, if accepted, might save plaintiff's

standing for injunctive or other non-monetary relief.

The United States has opposed this shift in the posture of this case on account of plaintiff's inexcusable delay in relating that he still owns a portion of the Parcel at issue.

This circumstance of a non-foreclosed upon portion of the Parcel is not "new" as plaintiff admits that he subdivided the parcel in 2007 and that foreclosure against only one of the parcels was known to him in November, 2012, before the government filed its summary judgment motion in December, 2012.  Plaintiff has owned the alleged non-foreclosed property throughout this litigation.  Plaintiff provides no reason for not bringing this matter to the attention of the court earlier, other than his assertion that he recently had an inner "revelation" about it.  Nevertheless, this information was known to plaintiff at the time of the summary judgment proceedings, or should have been known.

The court is, of course, aware of plaintiff's *pro se* status, and has throughout the course of this lengthy case, taken such status into account.  However, not all *pro se* parties are equal in their inability to understand and participate in litigation.  Plaintiff Grill has demonstrated an above average acumen throughout most of the case in bringing his contentions, meritorious or not, before the court in an intelligible fashion.  As a business person/developer, and having retained counsel during the years of administrative back-and-forth, plaintiff was aware of the issues in this case, even if sometimes fully developed by the undersigned.  Certainly this *pro se* plaintiff was aware of the facts underlying all aspects of this litigation.  Thus, an assertion by plaintiff that he just recently remembered that his property was only partially foreclosed upon, if indeed this is a fact and not simply an assertion on objections, lacks any legitimacy.[2]  The undersigned cannot fathom why plaintiff did not present the partial foreclosure facts in opposition to the United States' motion, but the undersigned does know they should have been presented.

The undersigned is further aware of cases such as United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000) and Akhtar v. Mesa, 698 F.3d 1202, 1208 (9th Cir. 2012), in which the Ninth Circuit has emphasized that upon objections to a magistrate judge's findings and

---

[2] Plaintiff supplied no proof of the alleged 2007 subdivision of the Parcel into Lots 1 and 2. However, for the purposes of this Order, the undersigned accepts them as true.

recommendations, the district judge has discretion to consider facts not advanced before the magistrate judge. This is especially so when the objecting party is appearing *pro se*. In this case, the district judge will, of course exercise his own discretion with respect to considering the new facts raised by plaintiff in the concurrently filed objections. However, utilizing those rather lenient standards on this motion for reconsideration before the undersigned, still, plaintiff's "forgetfulness" is beyond the pale. This order will also stand as the undersigned's recommendation that discretion be exercised to not consider the partial foreclosure facts.

The situation might be different if the lack of standing argument by defendant had been buried in a footnote or obscured by legalese. However, the argument and then apparent fact of complete foreclosure[3] with resultant loss of ability to proceed with respect to injunctive relief issues was front and center in the motion by defendant Quinn. Moreover, it was met head on by plaintiff who developed arguments, albeit ultimately found wanting, as to why he retained standing despite the then *conceded complete* foreclosure, e.g., he could transfer a permit (SUP) to the new owner; his monetary losses could be recompensed or mitigated if this were to be done. It is simply unfair to defendant, who believed that the property had been subject to complete foreclosure, to start the motion process all over again. This is especially so in light of the protracted law and motion in this case.

Furthermore, it is unfair to the court. Many hours were spent reviewing the standing argument of the United States, as well as the procedural due process issues which depended on standing concepts. The undersigned focused in on the issues in this case for a time to the

---

[3] It does not appear from defendant's filings on the dispositive motion, or the record in this case, that defendant was making a factual argument regarding complete foreclosure that it knew or should have known was incorrect. Indeed, plaintiff confirmed the correctness of the complete foreclosure throughout the motion process: "…and therefore Plaintiff lost the Property [previously defined as the property at issue for the SUP] by foreclosure on November 26, 2012." Plaintiff's Brief on Remedies, DKT 91 at 3. See also: "Plaintiff has suffered injury-in-fact, that injury being the loss of the Property because it became valueless." Plaintiff's opposition to Cross-Motion or Summary Judgment, Dkt. 85 at 2. The fact that plaintiff owned property to the north of the Parcel (the Property), property which defendant Quinn belatedly (by over a decade) contended allowed "other" access to the Parcel, thereby negating the need for ANICLA access, was well known throughout the motion process and was never presented as the parcel to which ANICLA access was necessary.

4

exclusion of others because of the complexities of the facts and law. It is not as if the undersigned has no other litigants competing for the undersigned's attention.  To ask the undersigned to start back at "square one," because plaintiff forgot an obvious fact, asks for further attention which is not warranted. If  magistrate judge assistance to the court  is not to be reduced to a meaningless or idle act at best, the parties have a duty to present the clearly available facts when *first* required. Plaintiff did not do this here, and he had the ability to do so.

  Accordingly, IT IS ORDERED that: Plaintiff's motion for reconsideration, filed July 5, 2013, (ECF No. 93), is denied.

Dated : July 27, 2013

              <u>/s/ Gregory G. Hollows</u>
             UNITED STATES MAGISTRATE JUDGE

/Grill0757.recon