UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES S. GRILL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TOM QUINN,<br><br>　　　　　Defendant. | No. 2:10-cv-0757 GEB GGH PS<br><br><br><br>ORDER |

On June 18, 2013, the magistrate judge filed findings and recommendations herein which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within twenty-one (21) days. Objections were filed on July 5 and 9, 2013 by both parties, replies were filed on July 18 and 23, 2013 by both parties, and they were considered by the district judge.

This court reviews de novo those portions of the proposed findings of fact to which objection has been made. 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Business Machines, 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982). As to any portion of the proposed findings of fact to which no objection has been made, the court assumes its correctness and decides the motions on the applicable law. See Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir.

1

1983).

The court has reviewed the applicable legal standards and, good cause appearing, concludes that it is appropriate to adopt the June 18, 2013 Findings and Recommendations in full.

In his July 5, 2013 objections, plaintiff claims for the first time that he has had a "revelation" regarding the issue of standing which was raised, argued and decided at summary judgment. He contends that he had subdivided the parcel at issue into two parcels on May 14, 2007, and he lost only one of the parcels to foreclosure on November 26, 2012. Therefore, he claims he did not lose standing as to the second parcel. Plaintiff has provided no legitimate reason why this fact was not presented earlier to the magistrate judge.

The court has discretion whether to consider newly offered evidence; however, the court "must actually exercise its discretion, rather than summarily accepting or denying the motion." U.S. v. Howell, 231 F.3d 615, 622 (9th Cir. 2000). Although not required to do so, if the court determines to consider new arguments raised in objections, the record must indicate that the court exercised its discretion with specific reasons for rejecting the objections. Brown v. Roe, 279 F.3d 742, 745 (9th Cir. 2002). In this case, plaintiff's newly raised fact that he retains ownership of a portion of what was previously conceded to be a singular parcel subject to complete foreclosure is not "new" evidence.[1] Assuming he is correct, he has had ownership of this property throughout this litigation, a fact that was or should have been known to plaintiff, and therefore it does not constitute new evidence that could not have been presented to the court earlier. Given the discretion to consider additional evidence on objections to the Findings and Recommendations, the undersigned has determined to exercise it by declining to consider this newly presented evidence.

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion for summary judgment, filed October 24, 2012, (dkt. no. 72), is denied as to his APA ( ANCILA) claim and denied as to his procedural due process claim

---

[1] These objections also request reconsideration before the magistrate judge of the findings and recommendations. That request has been resolved by the magistrate judge. See Dkt. no. 97. The order denying reconsideration by the magistrate judge has been reviewed and found persuasive.

2

based on the fact that no remedy exists for the found violation in the circumstances of this case;

2. Defendant's cross-motion for summary judgment, filed December 6, 2012, (dkt. no. 83), is granted insofar as the APA (ANCILA) claim is dismissed for plaintiff's lack of standing, and granted insofar as plaintiff's procedural due process claim is ultimately barred by lack of standing (injunctive relief) and sovereign immunity (damages); and

3. This case is closed. [2]

**Date: 8/1/2013**

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[2] Although ultimately successful before the magistrate judge, defendant objects to several underlying findings. The undersigned need not detail here why those objections are rejected. However, the undersigned notes for one such objection that defendant suggests that the magistrate judge's finding that "[p]laintiff had made several appeal requests in early 2008," is erroneous and provides no citation to the record in support. (Dkt. no. 94, n. 3.) Defendant's assertion is incorrect. See Findings and Recommendations, dkt. no. 92 at 5 n. 5 (citing AR 939), 25 (citing AR 942, 941-42).

3